UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

No. 00-4543

TERRY LEE GREEN,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-99-558)

Submitted: December 29, 2000

Decided: February 15, 2001

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Rosemary Davis Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Terry Lee Green appeals his conviction and sentence of thirty-two years' imprisonment for two violations of the Hobbs Act, 18 U.S.C.A. § 923(c)(1) (West Supp. 2000). Green's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states there are no meritorious grounds for appeal but raises an issue relating to review of the validity of the guilty plea in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Although Green was informed of his right to file a supplemental brief, he has not done so. We have reviewed the record and find no reversible error in the guilty plea and resulting judgment of conviction.

On appeal, Green suggests that his guilty plea and resulting conviction and sentence should be re-evaluated in light of the Supreme Court's recent decision in *Apprendi*. Because 18 U.S.C.A. § 924(c)(1) (West Supp. 2000) does not specify a statutory maximum sentence, Green's sentence of thirty-two years' imprisonment does not exceed any statutory maximum for the core offense even without an enhancement for brandishing a firearm. Therefore, we find that his sentence is permissible under *Apprendi*. *See United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir.), *cert. denied*, ___ U.S. ___, 69 U.S.L.W. 3364 (U.S. Nov. 27, 2000) (No. 00-6746). In accordance with the requirements of *Anders*, we have examined the entire record in this case, including the transcript of the Rule 11 colloquy and sentencing hearing, and find no other meritorious issues for appeal.* Accordingly, we affirm Green's conviction and sentence.

This court requires that counsel inform his client, in writing, of his right to petition to the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel

---

*We note that Green's final judgment and commitment form states that he was convicted, in count twelve, of violation of "*19* U.S.C. § 924(c)" (emphasis added). This does not correspond with the indictment or other documents that list the offense as a violation of "*18* U.S.C. § 924(c)" (emphasis added). To correct this discrepancy, Green may wish to file a motion pursuant to Fed. R. Crim. P. 36 in the district court.

believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*